OPINION
Joseph L. Jones, defendant-appellant, appeals his convictions entered upon a jury verdict in the Franklin County Court of Common Pleas for aggravated robbery, a violation of R.C.2911.01; kidnapping, a violation of R.C. 2905.01; and felonious assault, a violation of R.C. 2903.11. We affirm.
Charles Ratcliff ("victim") testified that on the morning of October 8, 1998, he asked Randy Weed, a friend, for a ride so he could cash a money order. The victim stated that Weed had given him a ride or provided him with transportation in the past. Weed told the victim that he was going to send "a couple of buddies of his" to pick him up. The victim testified that he was picked up by two individuals he had never met before. The car was an older, tan Cadillac and the driver said his name was "Little Joe." The victim stated that the passenger sitting in the front seat was very quiet and did not say anything. The victim sat in the backseat of the Cadillac behind the driver.
The victim testified that the only conversation the three had was when they asked the victim whether he was going to give them gas money. They drove to a Kroger grocery store to cash the money order, but a Kroger employee told the victim that he could not cash the money order there because it was a postal money order. The victim testified that Little Joe suggested they drive to a post office on Innis Road and Cleveland Avenue to cash the money order. The victim stated that he and Little Joe went into the post office to cash the money order. He also testified that Little Joe "[s]tood right beside me all the way up to the whole time I was there, even when I went up [to] the lady behind the desk. * * * He stood right there and then walked away with me as I exited the building." The victim stated they then drove to a Sunoco gas station supposedly to get gas, but instead of getting gas:
 [T]he gentlemen in there pulled up behind it and rolled up the windows, locked the door. Passenger came over and stuck a knife to my throat, wanted the money in my hands. And they drove off. Starting screaming and struggling; went down the road and made a right; went down a little farther, was struggling trying to get loose. And he turned the corner onto another side street. At that time I was able to get free enough to pull the lock open and jump out. But in the meantime as I was getting out, I was stabbed in the hand. And when I get out, I read the license plate number of the car, went up the street to * * * Sunoco, ran inside, called the police.
The victim also described the incident stating they "pulled right up behind it where there's a pay phone behind Sunoco. That's not gas pumps; and windows rolled up and then doors locked. I went, okay. Before I could think anything, a knife was stuck to my throat wanting my money." The victim also testified that the gas station did not have any windows facing toward the area where appellant had stopped the car. After he escaped from the backseat of the car, the victim stated the car "sped off."
The victim testified that he sustained injuries from the robbery including scrapes on the palms of his hands caused by his hitting the road pavement after he jumped from the car. The police arrived approximately fifteen minutes later and the victim gave a description of the two individuals to police. The victim also described their clothing and the knife that was used.
The following day, police contacted the victim and told him they had stopped a vehicle that matched the description he had given them. The victim went to the location and identified the vehicle and also identified appellant (Little Joe) to be the driver of the vehicle. A knife matching the description the victim had given to police was also found in the car. A camouflage jacket matching the jacket worn by the passenger holding the knife was also found in the car.
Appellant was tried before a jury in August 1999. During the trial, the victim testified that appellant was the driver of the vehicle in which he was robbed. Pictures taken by surveillance cameras at the post office showed the victim and appellant at the post office on October 8, 1998, at 9:11 a.m. Appellant testified he went inside the Sunoco store to purchase cigarettes and when he came out of the store, he noticed the passenger in the front seat:
 [W]as bent forwards over the seat. He wasn't all the way over the seat, but he was bent almost in conversation way over the seat. When I started to drive, I noticed he had a knife in his hand. And [the victim] was holding towards the back of the seat like he was scared.
* * *
 I didn't have a conversation until I hit Huy Road. When I hit Huy Road I screamed and said * * * "[w]hat the `F' is going on? Why you doing that? The guy's only got $30 left. Why you trying to rob him for his money?"
* * *
 Then I told him he was stupid. I stopped the car. He stabbed [the victim] in what I thought was his leg. * * * And when he stabbed him, I told him to get out of the car and run.
The jury found appellant guilty of aggravated robbery, kidnapping, and felonious assault. Appellant was sentenced to concurrently serve six years in prison for each of his convictions. Appellant appeals his convictions and presents the following two assignments of errors:
 I. THE COURT ERRED IN OVERRULING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO CRIM. R. 29 WHERE THE EVIDENCE WAS INFUFFICIENT TO SUSTAIN A CONVICTION AND WHERE THE COURT TOOK IMPROPER JUDICIAL NOTICE OF A KEY DISPUTED FACT.
 II. THE COURT ERRED, IN CONTRAVENTION OF EVID. R. 404(B), BY ADMITTING EVIDENCE OF WEAPONS UNRELATED TO THE CRIMES CHARGED AND EVIDENCE OF FICTITIOUS LICENSE PLATES WHICH SERVED ONLY TO IMPUGN APPELLANT'S CHARACTER.
Appellant argues in his first assignment of error that the trial court erred when it overruled his Crim.R. 29 motion for judgment of acquittal. At the conclusion of the state's presentation of the evidence, appellant's counsel argued that "there is nothing about the facts as stated that would indicate there was a kidnapping or that my client was involved with the robbery itself." We disagree.
Crim.R. 29(A) states:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
A trial court's decision to deny a Crim.R. 29(A) motion for acquittal based on the sufficiency of the evidence will be upheld if after viewing the evidence in a light most favorable to the state, the reviewing court finds that any rational factfinder could have found the essential elements of the charge proven beyond a reasonable doubt. State v. Dennis (1997), 79 Ohio St.3d 421,430, certiorari denied (1998), 522 U.S. 1128, 118 S.Ct. 1078.
After reviewing the evidence presented prior to appellant's Crim.R. 29(A) motion in a light most favorable to the state, we find that sufficient evidence was presented to show that appellant aided and abetted the commission of the crimes of kidnapping and aggravated robbery. The victim testified that appellant drove the car behind the gas station to a location where they could not be seen from inside the gas station. The victim also testified that they "pulled up behind it and rolled up the windows, [and] locked the door." This action by appellant was quickly followed by the other individual demanding the victim's money while threatening him with a knife. The victim did not testify that appellant performed any action to demonstrate he opposed the robbery. Instead, the victim stated that appellant continued to drive away from the gas station and once the victim was out of the car, the car "sped off."
Appellant also argues in his appellate brief that while considering his Crim.R. 29 motion, the trial court took improper judicial notice that "it appears one could presume that [appellant] pushed down the lock. It's always on the driver's side. That's common knowledge." Evid.R. 201(B) states:
 A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
While appellant is correct in his assertion that the court took improper judicial notice by reasoning that appellant locked the doors of the car because the door locks are "always on the driver's side," this does not warrant a finding that the trial court should have sustained his Crim.R. 29 motion. The other evidence viewed in a light most favorable to the state was sufficient to show that appellant aided and abetted the commission of the crimes of kidnapping and aggravated robbery, especially the victim's testimony that they "pulled up behind it [the Sunoco gas station] and rolled up the windows, [and] locked the door." Accordingly, appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court erred by admitting evidence, which served only to impugn appellant's character. The evidence appellant argues that should not have been allowed was: (1) a photo of the three knives found in the tan Cadillac, and (2) Officer Olander Parks' testimony that the license plates on the tan Cadillac were not registered to that car. Appellant claims that this evidence improperly suggested other bad acts by appellant.
Evid.R. 404(B) states:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
"Reviewing courts should be slow to interfere with a court's determination concerning the admissibility of evidence unless the court has clearly abused its discretion and the party has been materially prejudiced thereby." Reinoehl v. Trinity UniversalIns. Co. (1998), 130 Ohio App.3d 186, 194.
Concerning the photograph of the knives, appellant argues that "these two other knives suggested `other bad acts' of Appellant: that Appellant travels around armed with knives looking for hapless victims." A review of the record shows that the prosecution never made this argument. The victim's testimony that he saw bullet shells on the floor of the car would have a greater tendency to show that a "prior bad act" had been committed than the photograph of three knives found in the car. Additionally, appellant's testimony that he had been incarcerated for carrying a concealed weapon, found guilty of misdemeanor theft and unauthorized use of property, along with his guilty plea to aggravated trafficking, attempted forgery and receiving stolen property, has a far greater tendency to show appellant had committed "prior bad acts" than evidence that he had three knives in his car.
The same conclusion can be reached regarding Officer Parks' testimony. Officer Parks testified that the "license plates that should have been on that vehicle was [sic] not on the vehicle. The plates that was [sic] on that vehicle should have been on a different vehicle." Appellant argues that "the implication was clear: that Appellant had something to do with the theft of license plates from an out-of-county victim." However, the prosecution did not make this argument before the jury. Additionally, even if this evidence could be construed as evidence of a "prior bad act" by appellant, appellant cannot show that he was materially prejudiced based upon the other much more serious evidence concerning prior bad acts. Accordingly, we find that appellant cannot demonstrate that he was materially prejudiced by the introduction of the photograph showing the three knives and evidence that the Cadillac did not have proper license plates. Appellant's second assignment of error is overruled.
Appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 __________________ BROWN, J.
TYACK and PETREE, JJ., concur.